# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-643V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ELIZABETH LEANNE JOHNSON *and* * <br> BRITTNEY JOSEPH JOHNSON, *parents* * <br> *and natural guardians of* D.B.J., *a minor*, * <br> * <br> * <br> Petitioners, * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * <br> * | Special Master Corcoran <br><br> Filed: September 11, 2017 <br><br> Petitioner's Motion for a Decision; <br> Dismissal of Petition; Vaccine <br> Act; Denial Without Hearing. |

* * * * * * * * * * * * * * * * * * * * * * * *

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Ann Donohue Martin*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On June 22, 2015, Elizabeth and Brittney Johnson filed a petition on behalf of their minor child, D.B.J., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the Pentacel (DTap, Hib, Polio) vaccine that D.B.J. received on May 18,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2011, June 22, 2011, September 12, 2011, and June 27, 2012, caused him to develop autism. *See* Petition ("Pet.") at 3-5.

After submitting medical records in late June, the Petitioners filed a status report requesting additional time to obtain and review medical records due to D.B.J.'s ongoing tests. Petitioners requested 60 days to file the Joint Statement of Completion. *See* Report, dated Sept. 21, 2015 (ECF No. 9). Thereafter, Petitioners obtained and filed additional medical records between November 2015 and February 2016. Respondent filed her Rule 4(c) Report on April 14, 2016. ECF No. 26.

On April 25, 2016, I issued an order staying the matter until August 31, 2016, however, due to other parallel proceedings pending review at the Court of Federal Claims or the Court of Appeals for the Federal Circuit that all sides agreed might bear on the case's resolution. *See* Order dated Apr. 25, 2016 (ECF No. 29). In that order, I also informed the parties that reasonable basis appeared lacking, because Petitioners' causation theory had been repeatedly rejected in numerous recent post-OAP cases. The matter remained stayed until June 30, 2017. On July 6, 2017, I issued an order directing counsel to discuss with Petitioners whether their claim remained viable in light of the anticipated decisions from the Court of Federal Claims. Thereafter, Petitioners filed a motion to dismiss on August 18, 2017 acknowledging that, after consideration of the facts and law, they did not expect to be able to establish entitlement in this case. ECF No. 30.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that D.B.J. suffered a Table injury. Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioners to meet their burden of proof. Petitioners' claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master