# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-643V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ELIZABETH LEANNE JOHNSON *and* BRITTNEY JOSEPH JOHNSON, *parents and natural guardians of* D.B.J., *a minor*, | * * * * |
| Petitioners, | * Filed: April 13, 2018 |
| v. | * Attorney's Fees & Costs; Reasonable Basis; Final Award. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioners

*Ann Donohue Martin*, U.S. Dep't of Justice, Washington, DC, for Respondent

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 22, 2015, Elizabeth and Brittney Johnson filed an action on behalf of their minor child, D.B.J., seeking compensation under the National Vaccine Injury Compensation Program. The Petition alleged that the Pentacel (Dtap, Hib, Polio) vaccine that D.B.J. received on June 27, 2012, caused him to develop chronic encephalopathy, manifesting as autism-like symptoms. *See* Petition ("Pet.") at 5-6. On September 22, 2016, I issued an Order staying this matter until June 30, 2017, due to other parallel proceedings involving autism injury claims then pending review at the Court of Federal Claims or the Court of Appeals for the Federal Circuit. Thereafter, following

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

the filing of medical records and Respondent's Rule 4(c) Report, Petitioners filed a motion to dismiss on August 18, 2017 (ECF No. 30), acknowledging that they would be unable to prove entitlement to compensation in this matter, given the underlying nature of the claim. I issued a decision dismissing the case on September 11, 2017 (ECF No. 31).

Petitioners have now filed a motion requesting final attorney's fees and costs, dated February 12, 2018. *See* Motion for Attorney's Fees, dated Mar. 27, 2018 (ECF No. 35) ("Fees App."). Petitioners request reimbursement of attorney's fees and costs in the total amount of $27,807.67 (representing $26,263.05 in attorney's fees, plus $1,544.62 in costs). *Id.* at 10. In accordance with General Order No. 9, Petitioners indicated that they have directly incurred costs related to the litigation, totaling $400.00. *Id.*; *see* Ex. 24, Tab 4 to Fees App. at 1. Respondent filed a document reacting to the fees request on April 10, 2018, stating that she is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 36 at 2-3. Petitioners filed a reply that same day, reaffirming that they rely on the facts, law, and arguments set forth in their fee application. ECF No. 37 at 1.[2]

Here, although Petitioners were not successful in pursuing their claim, I find that the matter had sufficient reasonable basis to justify a final award of fees (and Respondent has not argued otherwise). In a recent parallel decision, I awarded Mr. Krakow fees for his work on a case similar to the one herein. *See Hamilton v. Sec'y of Health & Human Servs.*, No. 14-785V (Fed. Cl. Spec. Mstr. Apr. 12, 2018). In *Hamilton*, I specifically analyzed Mr. Krakow's actions with regard to filing an autism claim asserting a causation theory similar to the one alleged in the present case-- arguing a vaccine-induced encephalopathic injury, later manifesting as autism or autism-like symptoms,[3] --and his diligence in analyzing the medical records filed in support. I took note of counsel's efforts to determine the claim's viability prior to filing the case, as well as his efforts to investigate the theory proffered by petitioners in light of similar cases currently pending before the

---

[2] Although Respondent did not challenge Petitioners' fee request on reasonable basis grounds, Petitioners argue that an award of attorney's fees and costs is nonetheless warranted in this case. Fees. App. at 3. In their fee application, Petitioners maintain counsel acted expeditiously in reviewing D.B.J.'s records and in monitoring developments in the case law and medical research related to the medical theory relied on to support causation in this matter. *Id.* Furthermore, Petitioners assert that counsel performed only wind-down actions, once I raised concerns regarding the claim's overall viability. *Id.* at 3-4, 8.

[3] In 2015, at the time the case was filed, Petitioners' theory of causation mirrored arguments set forth in many former OAP cases (that resulted in decisions denying entitlement and dismissing the theory as unpersuasive), but which had not been decided at this time. *See, e.g.*, *Anderson v. Sec'y of Health & Human Servs.*, No. 02-1314V, 2016 WL 8256278 (Fed. Cl. Spec. Mstr. Nov. 1, 2016), *mot. for review den'd*, 131 Fed. Cl. 735 (2017), *aff'd*, 2018 WL 1673373 (Fed. Cir. Apr. 6, 2018); *T.M. v. Sec'y of Health & Human Servs.*, No. 08-284V (Fed. Cl. Spec. Mstr. Aug. 9, 2016), *mot. for review den'd*, 133 Fed. Cl. 78 (2017); *Holt v. Sec'y of Health & Human Servs.*, No. 05-136V, 2015 WL 4381588, at *2-3 (Fed. Cl. Spec. Mstr. June 24, 2015).

Court of Federal Claims and the Federal Circuit, plus his willingness to stay the matter based on pending appeals relevant to the causation theory asserted in this action. In that decision, I determined that Mr. Krakow acted properly in prosecuting the claim, and in immediately initiating wind-down actions once I voiced my concerns with regard to the claim's overall viability.

The procedural facts of this case essentially mirror those in *Hamilton*. Therefore, I conclude that sufficient reasonable basis existed for Petitioners' claim herein, despite its evident underlying weaknesses.

Thus, I now turn to counsel's requested rate. Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioners ask that counsel, Mr. Krakow, be reimbursed at varying rates for work performed from 2013-2018. Petitioners request $385 per hour for Mr. Krakow's work in 2013, with increases to $396 per hour in 2014, $413 per hour in 2015, $425 per hour in 2016, $435 per hour in 2017, and $450 per hour in 2018. *See* Ex. 26, Tab 2 to Fees App. at 19. Petitioners request rates ranging from $125-$140 per hour for paralegal work (completed by Mr. Krakow, but billed at a lower rate) completed in 2015-2018. *Id.*

In my past decisions, I have determined that Mr. Krakow's firm, located in New York, is entitled to forum rates. *See, e.g., Laderer v. Sec'y of Health & Human Servs.,* No. 09-097V, 2016

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

WL 3044838, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2016). In addition, Chief Special Master Dorsey recently awarded the increased rate requested herein for 2017 for Mr. Krakow and his paralegal time (which he sometimes performs but bills at the lower rate). *See Moxley v. Sec'y of Health & Human Servs.*, No. 006-213V, 2017 WL 5080289 (Fed. Cl. Spec. Mstr. Oct. 12, 2017). Furthermore, Mr. Krakow's request of $450 per hour for work completed in 2018 is reasonable, and consistent with the form rate chart set forth on the Court of Federal Claims's website,[5] and will be awarded.[6]

Upon my review of the billing record, the hours expended on this matter by counsel (79.95 hours in total) appear to be reasonable, and Respondent did not identify any entries as objectionable. Thus, I will reimburse counsel in full for his work on this matter.

Finally, Petitioners request reimbursement for $1,544.62 in costs (representing the filing fee, medical records requests, and postage costs). Ex. 26, Tab 2 to Fees App. at 17. These costs also appear to be reasonable and will be awarded.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees awards, and based on the foregoing, I GRANT Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of **$27,407.67** (representing $26,263.05 in attorney's fees and $1,144.62 in costs), in the form of a check jointly payable to Petitioners and Petitioners' counsel, Mr. Robert Krakow, Esq. A check for $400.00 should also be made out to Petitioners directly for costs personally incurred during this matter. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5]   *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Apr. 3, 2018).

[6] I note that in a past decision I awarded Mr. Krakow a rate of $435 per hour for 2018 (the same rate he requested in 2017). *See Hamilton v. Sec'y of Health & Human Servs.*, No. 14-785V (Fed. Cl. Spec. Mstr. Apr. 12, 2018). However, here, Mr. Krakow has now increased his rate to reflect a change from the previous year from $435 to $450.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.